**Angel Ramos HINOJOS, Petitioner-Appellant,**

v.

**William G. BLACK, Superintendent, Respondent-Appellee.**

No. 71-1939.

United States Court of Appeals, Ninth Circuit.

July 3, 1972.

Rehearing Denied July 26, 1972.

---

Dale E. Wood (argued), of Britt & Wood, San Francisco, Cal., for appellant.

Angel Ramos Hinojos, in pro. per.

Ira J. Ross, San Francisco, Cal., for respondent-appellee.

Before ELY and GOODWIN, Circuit Judges, and SHARP, District Judge.*

PER CURIAM:

A California prisoner serving a manslaughter sentence appeals from a judgment denying habeas corpus relief which he sought on the ground that juror misconduct had denied him a fair trial. We affirm.

Post-trial affidavits revealed that two jurors, during deliberation, expressed their belief that the prisoner had been involved in other local episodes involving dangerous assaults, but not mentioned in the evidence. The two jurors who "went outside the record" were immediately taken to task by the foreman, and the other jurors made it clear that such comments were improper and were not to be considered.

A full and complete post trial hearing in the court of conviction was followed by review through the state appellate system. No state court found a basis for a new trial under state law. The misconduct of the two jurors likewise falls short of the kind of constitutional defect which would justify relief under 28 U.S.C. § 2254 in the district court.

There was no showing of a fraudulent concealment of bias, nor of any other exceptional circumstances that would justify deviation from the rule that affidavits of jurors cannot be used to impeach their verdict. McDonald v. Pless, 238 U.S. 264, 267–269, 35 S.Ct. 783, 59 L.Ed. 1300 (1915); Bateman v. Donovan, 131 F.2d 759, 764–765 (9th Cir. 1942).

Affirmed.

---

* The Honorable Morell E. Sharp, United States District Judge for the Western District of Washington, sitting by designation.